### THE COMMERCIAL BANK OF LAKE ERIE vs. MEACH and others.

Where E. recovered a judgment in the supreme court against M. & J. as joint debtors, and an execution was issued thereon and returned unsatisfied, and afterwards J., upon application to the supreme court, obtained an order staying all proceedings on the judgment as against him, in order that he might make his defence to the action ; and E. without proceeding at law against J., filed a creditors' bill against M. ; *Held*, that the bill could be sustained against M. without making J. a party to the suit, or previously obtaining a verdict, and taking out an execution against J.

Whether such bill could be sustained if the defendant M. should set up in his answer, and establish by proof, that J. was both legally and equitably liable to E. as a joint debtor with M. and was bound to contribute towards the payment of the debt ; *quære?*

Where a creditors' bill is filed upon a joint judgment against several defendants, some of whom are not served with process, all the joint debtors, although not served with process, must be made defendants ; unless the complainant avers in the bill that the persons not made parties were mere sureties for the other defendants, or were not legally or equitably liable to contribute

towards satisfaction of the debt, or were insolvent, or out of the jurisdiction of the court.

1839.

Com. Bank of Lake Erie v. Meach.

March 19.

THIS was an application by the complainants in a creditors' bill, to appoint a receiver of the property of the defendants, who were the judgment debtors. And a cross motion was also made on the part of Durant, one of the defendants, to dissolve the injunction which had been issued restraining him from disposing of his property. The judgment was originally recovered against the defendants and R. C. Jackson, in the supreme court, as joint debtors; and an execution was thereupon duly issued to the sheriff of the county where these defendants resided, and was returned unsatisfied. Subsequently Jackson, the other defendant in the judgment, applied to the supreme court and obtained an order that all proceedings on the part of the plaintiffs on that judgment, as against him, should be stayed, so that he could be permitted to have a trial and make his defence, in the same manner as though no verdict had been taken and no judgment perfected; but that such order should in no manner stay the plaintiffs from taking any proceedings against the other defendants for the purpose of collecting the judgment perfected in the cause. The complainants thereupon, without proceeding with their suit at law to ascertain whether Jackson was chargeable with the debt jointly with these defendants, filed their bill in this cause to obtain satisfaction of the debt out of their property. And as all these facts appeared upon the face of the bill, the defendants insisted that this suit was improperly commenced; or at least that Jackson should have been made a party for the purpose of contribution.

*J. V. L. Pruyn*, for the complainants.

*I. Williams*, for the defendant Durant.

*A. J. Colvin*, for the defendant Meach.

THE CHANCELLOR. Upon the hearing of these motions I was under the impression that this case came within the principle that, upon a joint judgment against several defend-

ants, some of whom had not been served with process, all must be made defendants, in a creditors' bill, to enable those whose property was taken to satisfy the debt under the decree of the court to claim contribution against their co-defendants who are jointly liable. In such cases, unless there is an averment in the bill that those who have not been served with process so as to make the judgment at law absolutely binding upon them personally, are mere sureties for the others, or are not legally or equitably liable to contribute towards satisfying the debt, or are destitute of property or out of the jurisdiction of the court, so that the defendants have *no* interest in having them made parties for the purposes of contribution, the complainant must bring them all before the court, or his bill may be demurred to on that ground.

On examining this case more attentively, however, I am satisfied that it does not come within that principle ; as the form of the order of the supreme court is such that no proceedings whatever against Jackson, founded upon that judgment, can be sustained. And if he was made a party defendant in this suit he might demur to the bill, on the ground that it was a proceeding against him upon the judgment which in effect had been vacated as to him. Upon the case, as it now stands before me, I must presume that Jackson satisfied the supreme court that he had some defence which was personal as to himself; or that he never was jointly liable with the other defendants, but that the complainants had been deceived by the other defendants as to his joint liability ; or that there was some other equitable grounds for retaining the verdict as against them, notwithstanding it was set aside as to him. For the purposes of this suit, therefore, it must be considered as a judgment against the present defendants only, upon a joint claim against all which has not been sustained as to Jackson.

What would be the effect, upon the rights of these parties, of an answer supported by the proofs, showing that Jackson was both legally and equitably liable to the complainants, as a joint debtor with these defendants, and that as between him and them he was bound to contribute towards satisfying

this debt, it is not necessary for me now to consider. For although Durant swears that from the claim, as exhibited in the supreme court, the demand was joint, neither of the defendants ventures to allege under oath that the complainants had in fact a joint claim against all, and that Jackson is equitably bound to contribute towards the satisfaction of that claim; or that they believe the complainants could succeed in obtaining a verdict against him.

For these reasons I think a demurrer to the bill would not lie, either for the want of parties, or upon the ground that the complainants have not obtained a verdict and taken out an execution against Jackson in the county where he resides. The motion of Durant to dissolve the injunction must therefore be denied with costs. And the application for a receiver is granted, as asked for by the complainants in their notice.