## KETCHUM and others *vs.* DURKEE and others.

Upon the dissolution of a copartnership by the death or bankruptcy of one or both of the copartners, the creditors of the firm obtain a quasi lien upon its property and effects; which the court of chancery may work out for them, in administering the equities between the copartners or their representatives.

But where there has been a bona fide sale of the copartnership effects from one partner to another, upon the voluntary dissolution of a solvent firm, and without

reserving any lien thereon for any purpose, the creditors of the copartnership have no equitable lien upon such effects, as against the claims of creditors of the partner to whom such sale was made.

And where creditors of the partner to whom the sale of the effects of the firm was made have obtained a legal lien upon such effects, by the levy of an execution thereon, they are entitled to retain their lien, as against the vendor and the creditors of the copartnership.

This was an appeal by the defendant E. C. Durkee, from a decree of the late assistant vice chancellor of the first circuit. S. O. Durkee, one of the defendants, previous to the 2d of April, 1839, was in business in Schenectady as a grocer, and then had goods on hand to the amount or value of $975. The capital with which the business had been carried on, with the exception of $50, had been advanced in property or loaned to him in money by his brother E. C. Durkee. And the amount then due by him to the latter was about $1100. On the 2d of April, 1839, S. O. Durkee took into copartnership with him, R. C. Ketchum, one of the complainants, and put his goods then on hand into the firm. Ketchum furnished no capital ; but on the day the copartnership was formed, the copartners purchased goods to the amount of about $800, of the administrator of the estate of J. A. Bradley, for which they gave two notes, payable in six and twelve months; which notes were signed by J. B. Ketchum and L. Baker as their sureties. And during the existence of the partnership they also purchased goods of the complainant T. A. Davis, on credit, to the amount of $700. At the end of four months from the commencement of the copartnership, it was dissolved by the consent of both parties. And Ketchum sold and transferred to S. O. Durkee, his former copartner, all his interest and title in or to the property and effects of the firm, including notes and accounts due, for the consideration of $175. Durkee, on his part, covenanted to indemnify Ketchum against the payment of any debts of the firm. S. O. Durkee continued the business on his own account for about six or seven weeks after the dissolution, and during that time increased his stock of goods several hundred dollars. A part of those goods were received from his brother, a part were pur-

chased of others upon credit, and some were purchased with money loaned by his brother. His brother also loaned him $73, which he applied in payment of debts of the copartnership. On the 16th of September, 1839, a balance was found due to his brother of about $1500, for which he gave him a judgment. And an execution was subsequently issued upon that judgment, and levied upon the property in the store; consisting partly of property purchased before the commencement of the partnership, partly of the other property formerly belonging to the firm, and partly of the property purchased subsequent to the dissolution. But the whole value of the property thus levied on was less than the amount of the judgment. That part of the property, levied on, which was purchased subsequent to the dissolution of the partnership, was afterwards sold upon the execution for about $180; and the residue was sold by a receiver, appointed in this suit, for $626. A few days after the issuing of that execution, S. O. Durkee made an assignment of all his property, debts and effects, to the defendants Meeker and Johnson, in trust, for the payment of certain preferred debts, most of which were his individual debts, and the surplus, if any, to be applied to the payment of his debts generally.

The complainants in this cause, R. C. Ketchum the retired copartner, T. A. Davis a creditor of the late firm, and J. B. Ketchum, one of the sureties of the firm in the notes given upon the purchase of the goods from the representative of Bradley's estate, thereupon filed their bill in behalf of themselves and other creditors of the late firm, against S. O. Durkee and his brother, and the assignees, to set aside the assignment in trust, as fraudulent and void, and to restrain the defendant E. C. Durkee from proceeding to sell that part of the property which once belonged to the late firm, under his judgment and execution. The cause was heard upon pleadings and proofs; an injunction having been previously issued, and a receiver of the property and effects formerly belonging to the firm, having been appointed. The assistant vice chancellor decided and decreed, that the fund in the hands of the receiver belonged to the creditors of the late firm of Durkee & Ketchum; and that neither of

Ketchum *v.* Durkee.

the defendants had any right or interest in that fund, and that E. C. Durkee was not entitled to any share of the fund until the copartnership debts were fully paid. He therefore directed a reference to ascertain the debts due to creditors of the firm, and a distribution of the fund among them after paying the costs of the complainants out of the same.

*A. C. Paige,* for the appellants.

*John Howes,* for the respondents.

THE CHANCELLOR. The testimony in this cause shows that the whole value of the property assigned to Meeker and Johnson, and which was not bound by the appellant's execution, is entirely insufficient to pay the creditors who are preferred in the assignment, of whom the appellant is not one. He is not interested, therefore, in any part of the decree, except that part of it which affects his right to the fund arising from the sale of the property which had been levied upon by virtue of his execution. And if the other part of the decree is erroneous, the assignees are the proper parties to protect the rights of the preferred creditors by an appeal.

The evidence fully establishes the amount of the indebtedness to the appellant, by S. O. Durkee, and the bona fides of the judgment. I also think, under the circumstances of this case, that the appellant's equity to be paid out of the proceeds of the property levied on by the sheriff, is at least equal to that of the creditors of the copartnership to which a part of that property once belonged. I have not been able to find any allegation in the bill that the copartnership was insolvent, at the time of the dissolution of the firm and the sale of the partnership effects to S. O. Durkee. And the fact that the complainant, R. C. Ketchum, received $175 for his share of the supposed profits of the firm at the time of its dissolution, is evidence against him that he did not, at that time, consider it insolvent. Upon the dissolution of a copartnership by the death or bankruptcy of one or both of the copartners, the creditors of the firm obtain a quasi lien upon its property and effects; which the court of chancery may work

out for them in administering the equities between the copart-ners, or their representatives.   The late Mr. Justice Story has fully and ably examined all the English cases on this subject; and he arrived at the conclusion that in case of a bona fide sale and transfer of all the partnership property and effects from one partner to the other, upon the voluntary dissolution of a solvent firm, and without reserving a lien thereon for any purpose, the creditors of the copartnership have no equitable lien on such property and effects as against the claim of creditors of the partner to whom such sale has been made.   (*Story on Part.* 508, § 358 *to* 361.)   Here there was an absolute sale of all the property and effects of the firm, by Ketchum to his copartner, when the firm was supposed to be solvent and to have realized a profit upon its business.   And at the time of the sale Ketchum relied upon a simple agreement of the purchaser to indemnify him against the payment of the copartnership debts.   I think therefore that the appellant, who had obtained a legal lien upon this part of the fund, by the levy of his execution thereon, was entitled to retain that legal lien as against the vendor and the creditors of the late firm.

In the case of *Deveau* v. *Fowler*, (2 *Paige's Rep.* 400,) which was based upon the decision of Chancellor Jones referred to therein, there was no conflicting claim on the part of any other creditors who had obtained a legal lien upon the fund which had formerly been owned by the copartnership.   It was therefore entirely different from this case, so far as the interest of this appellant is concerned.   Besides, I am not quite certain that this court gave the proper construction to the agreement of the parties in *Deveau* v. *Fowler;* in supposing that the intention was that the copartnership debts should be first paid out of the proceeds of the property, before the purchaser should be permitted to apply any part of that property to other purposes.(*a*)

The assistant vice chancellor erred, in depriving the appellant of the legal specific lien which he had obtained upon the prop-

(*a*) The decision in the case of *Topliff* v. *Vail*, (*Harr. Ch. Rep.* 340,) is in ac-cordance with the decision in the case referred to.

Gratacap v. Phyfe.

erty by virtue of his levy under his execution. And as that disposes of the case, so far as the rights of the appellant are concerned, it is not necessary to examine the formal objections to the frame of the bill; or the question as to the right of the appellant to subrogation, to the extent of the advances which he made to pay off partnership debts.

So much of the decree as affects the appellant's right to any part of the property levied on by the execution, or as directs the complainant's costs to be paid out of the proceeds of the sale of any part of that property, or as directs that the appellant shall bear his own costs, must be reversed. And there must be a decree dismissing the complainants' bill with costs as to the defendant E. C. Durkee. The decree must also direct the receiver to pay E. C. Durkee the whole of the fund which has arisen from the sale of the property levied on by virtue of the execution. The residue of the appeal, which relates to other parts of the assistant vice chancellor's decree, in which this appellant has no interest, must be dismissed. And neither party is to have costs as against the other upon the appeal.