## SUPREME COURT.

### EMERY agt. EMERY AND REDFIELD.

Where the action is upon contract against *joint debtors*—copartners in business—the plaintiff may serve process upon one only, and proceed and take judgment against the defendant served, unless the court interpose; and may also enter judgment against all the defendants thus jointly indebted, so far only as that it may be enforced against the *joint property* of all, and the separate property of the defendant served. (*Code,* § 136, *sub.* 1.)

The *offer* to take judgment, authorized by the 385th section of the Code, is in sub-

stance and effect a *cognovit*, as formerly allowed under the Revised Statutes, and should be governed by the same rules.

Consequently, one defendant, a joint debtor, served with process, may, by an offer under § 385, bind his codefendant not served, as to joint property.

Such a judgment may be " *enforced* against the joint property of all, and the separate property of the defendant served." (§ 136, *sub*. 1.) The term " enforced" is undoubtedly used to embrace all the legal means of collecting a judgment, including " proceedings supplementary to execution," which are as much a mode of *enforcing* a judgment as the execution itself.

*It seems* that there is no case where an execution has been regularly issued and returned unsatisfied, in which the creditor may not proceed under the 292d section of the Code to obtain satisfaction of his judgment.

It is not necessary to make a joint judgment debtor, who has not been served with process, a *party* to supplementary proceedings, because the equities between the debtors .themselves are not to be regarded; there can be no decree for contribution, as was formerly the case under a creditor's bill.

*Albany Special Term, January,* 1854. Motion to set aside judgment, &c. The defendants, prior to December 10, 1853, had been copartners in business, under the firm of *Emery & Co.* On the day last mentioned the copartnership was dissolved, and it was agreed between the parties that the business should be settled by Henry D. Emery, one of the defendants, and Stephen Van Rensselaer, to whom, at the same time, the defendant Redfield assigned his interest in the property of the firm.

On the 30th day of December, 1853, this action was commenced by the service of a summons and complaint upon the defendant, Henry D. Emery. The action was brought upon partnership liabilities. On the same day Henry D. Emery served upon the plaintiff's attorney an offer in writing consenting that the plaintiff might take judgment for $3,696,64, which offer was accepted by the plaintiff's attorney, and on the same day judgment was perfected for the amount specified in the offer, together with $8,57 costs. The offer was signed by Emery in the name of Emery & Co. No papers were served on the defendant, Redfield, nor did he appear in the action. The offer made by Emery was unauthorized by him. The judgment is in form against both defendants; but it appears from the judgment roll that the summons and complaint had been served on Emery only.

On the same day on which judgment was perfected an execution was issued to the sheriff of Albany, in the usual form, with directions not to levy on the separate property of Redfield. The execution was returned wholly unsatisfied on the 31st of December, and, on the same day, the plaintiff's attorney procured from one of the justices of this court an order requiring the defendants to appear before him to answer concerning their property. The order was served on Henry D. Emery, who appeared in obedience thereto, and having been examined, an order was made on the same day appointing Austin S. Kibbe receiver of the property of the defendants, and thereupon an assignment to the receiver was executed by Henry D. Emery. These proceedings were had without notice to the defendant, Redfield, although he was in the city of Albany during the time, and this fact was known to the plaintiff or his attorney.

Upon affidavit, stating these facts, a motion was made on behalf of the defendant, Redfield, to set aside, as against him, and so far as they might affect him in any way, the offer signed by the defendant, Henry D. Emery, the judgment perfected thereon, and all subsequent proceedings.

H. Harris, *for Plaintiff.*
P. F. Cooper, *for Defendant, Redfield.*

Harris, Justice.   The action in this case was upon contract, and the defendants were jointly indebted.   In such a case, the plaintiff may, if he choose, serve his process upon one defendant, and omit to serve it on another.   He may do this for the very purpose of avoiding the delay to which he might be subjected by a hostile defendant.   (See Olwell agt. M'Laughlin, 10 *Leg. Obs.* 316.)   Having done this, he may proceed to judgment against the defendant served, unless the court interpose, " and if he recover judgment, it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all, and the separate property of the defendant served."   (*Code,* § 136, *sub.* 1.) The provisions of the Revised Statutes on the subject are to the same effect, (2 *R. S.* 377; *Sess. Laws,* 1833, *p.* 395, § 3.)

Under the former practice, the joint debtor who had been served with process might appear and sign a *cognovit* for the plaintiff's demand, upon which judgment might be entered against all the defendants, which judgment became a lien upon their joint property as well as the separate property of the party served. (See Pardee agt. Haynes, 10 *Wend.* 630.) The offer authorized by the 385th section of the Code is, in substance and effect, a *cognovit*. It should be governed by the same rules. Accordingly, it was held in Sterne agt. Bentley, 3 *How.* 331, that the offer, like a cognovit, might be signed by an attorney—and where an attorney, being employed by one defendant, had signed an offer to allow judgment to be taken for another who had not been served with process, the judgment was allowed to stand. In La Forge agt. Chilson, 3 *Sand.* 752, the court said, " The rule we mean to declare is, that when an offer is made by one or more defendants, under the 385th section of the Code, and the suit is so situated that the plaintiff, upon accepting it, may enter judgment to the effect offered, against all the parties jointly liable with those making the offer, the plaintiff must accept the offer or proceed at his peril as to the future costs in the cause. The defendant served with process, in this case, having offered to allow judgment to be entered for the amount claimed, the plaintiff had no alternative but to enter judgment, unless he was obliged to bring in the other defendant. This it cannot be pretended he was bound to do. The judgment was therefore regular. It had the effect declared by the first subdivision of the 136th section of the Code.

I think, too, the proceedings supplementary to execution were regular. It is declared that such a judgment may be enforced " against the joint property of all, and the separate property of the defendant served." I' understand the term " enforced," as here used, to embrace all the legal means of collecting a judgment. The proceedings supplementary to execution are but a kind of execution against property which cannot be reached through the intervention of the sheriff. They are as much a mode of *enforcing* a judgment as the execution

itself. Accordingly, it is provided, that when an execution, properly issued, has been returned unsatisfied, the judgment creditor is entitled to an order for the examination of the judgment debtor concerning his property. I know of no case where an execution has been regularly issued and returned unsatisfied, in which the creditor may not proceed, under the 292d section of the Code, to obtain satisfaction of his judgment. The proceeding is but a supplementary execution. By the 297th section, the judge before whom the proceedings have been instituted is authorized to direct the application of " any property of the judgment debtor " to the satisfaction of the judgment. In respect to the joint property of the defendants, they are the judgment debtors. In respect to the separate property of the defendant served, he is the judgment debtor. This is declared to be the effect of the judgment. The proceedings therefore embrace the joint property of the defendants, and the separate property of the defendant, who had been served with process. This, too, is in analogy with the former practice, where, upon the return of an execution issued upon a judgment against joint. debtors upon some of whom process had not been served, a creditor's bill might be filed against them all, although the separate property of those not served could not be reached. (Van Cleef agt. Sickles, 5 *Paige*, 505; Commercial Bank of Lake Erie agt. Meech, 7 *Paige*, 448.)

Nor can I agree with the defendants' counsel that there was any irregularity in not making the defendant, Redfield, a party to the supplementary proceedings. I am inclined to think he might have been included in the order of examination. But, if so, it could only have been for the purpose of obtaining a discovery. When a creditor's bill was filed against joint debtors, it was held, that the debtor who had not been served with process was a necessary party. The reason assigned was, that his co-defendant had a right to have him before the court, to enable him, if compelled to pay the debt, to claim contribution. The practice has always seemed to me questionable, but conceding it to be proper, it cannot be applicable to the proceedings substituted in the place of the creditor's bill by the Code.

In those proceedings, the equities between the debtors them-selves are not to be regarded. There can be no decree for con-tribution in such a case. Certainly it does not lie with the debtor who has not been made a party to the proceedings to object that he has been thus omitted.

I have thus considered all the objections which, upon the argument of the motion, were urged against the regularity of the plaintiff's proceedings. But I think I might have spared myself this duty, by referring to the position of the defendant, in whose behalf the motion is made. Although the papers contain the usual affidavit of merits, it was conceded upon the argument, that there was no defence against the demand upon which the plaintiff has obtained judgment. The effect and object of the proceedings are, to obtain payment of a debt, the validity of which is undisputed, out of property legally and equitably chargeable with such payment. No suit against this defendant personally has been instituted. No judgment against his separate property has been obtained. Under such circum-stances I do not think he has the right to question the regularity of the proceedings. The motion must be denied, but I am not inclined to charge the defendant with costs.