## ROSS a. BRIDGE.

*Supreme Court, First District; General Term, May,* 1862.

OFFER TO ALLOW JUDGMENT.—COLLUSION.—REMOVAL OF RE-
CEIVER.

A judgment entered upon an offer to allow judgment under Code, § 385, for the
full sum demanded in the summons and complaint, is valid.

Confession of judgment without action, under §§ 382, 383, of the Code, is analo-
gous to the confession by bond and warrant of attorney under the former sys-
tem of practice ; the proceeding under § 385 is analogous to the former mode of
judgment upon cognovit.

The court has power to set aside a judgment entered upon an offer under § 385 of
the Code, and will exercise such power when the proceeding was taken collu-
sively, to evade the provisions of the Code relating to confession of judgment.

The employment of the judgment-debtor by his receiver to collect a portion of the
assigned demands, is not alone sufficient to authorize his removal from his trust.

Appeal from an order denying a motion to set aside judgments
and to remove a receiver.

This action was brought by Robert S. Ross against Charles
Bridge. Winslow M. Burdick commenced an action in this
court against Bridge, for the recovery of money, by the service
of summons on the defendant: on the same day Bridge appeared
in person, and offered judgment for the full amount claimed,
with costs ; and judgment was on the same day entered by the
clerk on filing the summons, complaint, offer, and an affidavit
of acceptance. Bridge also confessed judgment to Burdick on
another indebtedness. Executions were issued on these judg-
ments, and supplementary proceedings taken against Bridge.
Archibald T. Finn was appointed receiver of the defendant's
property, consisting of a large amount of accounts, notes, and other
property. The receiver employed Bridge to make collections
of accounts, &c. Ross, a subsequent judgment-creditor, moved
at special term to vacate the judgment entered on the offer ;
also to remove the receiver for misconduct ; and also on the
ground that his appointment had been by collusion. The mo-
tion was denied, and the plaintiff Ross appealed to the general
term.

*Thomas Stevenson*, for the appellant.—I. Sections 382 and 383 of the Code point out the manner in which judgment may be entered by confession. Section 385 relates to offers of " compromise." It is under this section that the parties have endeavored to make this judgment: the offer to compromise included all plaintiff demanded in his suit. The provisions of sections 382 and 383 cannot be thus evaded. (Chappel *a.* Chappel, 12 *N. Y.*, 215, 220.) Section 385 was intended to provide for those cases in which defendant did not admit all of·the plaintiff's claim, but part. If the debtor desires to give a preference by judgment to a particular creditor over other creditors, he can only do it in the manner pointed out by sections 382 and 383.

II. The receiver should be removed and another appointed in his place. 1. The Code provides that "no more than one receiver of the property of the judgment-debtor shall be appointed" (*Code*, § 298); all the subsequent judgment-creditors are compelled to have the first receiver appointed, if they desire one appointed. They should not be compelled to submit to this, if the facts show that the first appointment was made by collusion between the debtor and creditor. 2. A creditor's bill was required to contain an allegation that the same was not exhibited by collusion with the defendant, or for the purpose of protecting the property or effects of the debtor against the claims of other creditors, but for the sole purpose of compelling payment and satisfaction of the complainant's own debt. (See 2 *Hoffman's Ch. Pr.*, 120, rule 189.) 3. A charge of misconduct is clearly made out against the receiver. It is not proper for him to permit the debtor to remain in possession of the assets, or to act as his agent. The receiver should be the agent of the creditors, and not of the debtor. (See 5 *N. Y.*, 142.)

*Luther R. Marsh*, for the respondent.—I. As to the second judgment, the motion is to set it aside, as an attempt to evade the statute authorizing confessions of judgment. But this proceeding is just as much authorized by the Code, as is a confession of judgment. It is every-day practice. It is expressly authorized by the statute.

II. As to the motion to set aside both of the judgments in favor of Burdick, as being fraudulent as to creditors, on grounds external of the judgment. 1. We object that *Ross* has no right

to proceed in this way by motion. He should proceed by action. 2. There is nothing in the moving affidavits impeaching the debts for which these two judgments are obtained. On the contrary, it is clearly proved by the affidavits of both defendant and plaintiff, that the debts were actual, *bona-fide* debts. 3. There is nothing.in the moving affidavits tending to show any fraud in the judgments. If the debts were honest and just debts, and the judgments were for no greater amount, they cannot be set aside as fraudulent.

III. As to the motion to remove Mr. Finn as receiver. The grounds are—1. That his appointment was collusive. 2. That he allows Charles Bridge to exercise control over the assets. 3. That he has paid money out for interest on mortgages on certain real estate, in Dey and Mulberry streets, of which Charles Bridge was not the owner. All of these allegations are satisfactorily overthrown by our opposing affidavits.

BY THE COURT.*—ROSEKRANS, J.—The plaintiff in the first above-entitled action, whose judgment was obtained after the judgments in the other two cases above entitled, moves to set aside one of the judgments in favor of Burdick on the ground that it was entered upon an offer served by the defendant, pursuant to section.385 of the Code, after the service of a summons and complaint upon him, the offer being for the full sum demanded in the plaintiff's summons and complaint. The special term has denied this motion. It was claimed on the part of the plaintiff Ross that section 385 of the Code only applied to cases in which the defendant is willing to admit a part of the plaintiff's demand, and that when the defendant wishes to confess a judgment for the whole amount claimed by his creditors, he must comply with the requirements of sections 382 and 383 of the Code, and in case he does not, the judgment may be set aside on the applications of subsequent judgment-creditors. It has repeatedly been held that the proceedings under these various sections of the Code are entirely distinct and independent of each other; that the confession of judgment without action, under sections 382 and 383, are analogous to the confession by bond and warrant of attorney under the former system of prac-

---

* Present, INGRAHAM, P. J., LEONARD and ROSEKRANS, JJ.

tice, and that the proceeding under section 385 is analogous to the former mode of judgment upon *cognovit.* (9 *How. Pr.*, 130, 556; 10 *Ib.*, 293.) There is nothing in the language of section 385 which shows that it was the intention of the Legislature to limit the right of a defendant to offer judgment in an action regularly commenced against him to cases in which he would only confess a part of the plaintiff's claim. The titles of chapters three and four of the Code, in which these sections are found, show clearly that provision was intended to be made of a substitute for the former modes of confession of judgment without action, and when actions were commenced. Under the former system of practice a party who had commenced an action was not compelled to receive a *cognovit,* but could proceed and take judgment by default. The Code has made it compulsory upon the plaintiff to accept the offer of the defendant, under the penalty of paying costs if he proceeds in the action and fails to obtain a more favorable judgment than that which is offered.

There can be no doubt that the court have the power to set aside a judgment entered upon an offer of judgment, and would exert it in a case in which it should be made to appear that such a proceeding was taken collusively between the plaintiff and defendant for the purpose of evading the provisions of sections 382 and 383. But in this case there is no suggestion of collusion or attempted evasion of those provisions, and the evidence before the court shows that such a suggestion would be unfounded. The order of the special term, denying so much of the motion as sought to set aside the judgment entered upon the defendant's offer, should be affirmed.

We think, also, that the order of the special term, denying the motion of the plaintiff Ross to move the receiver appointed upon proceedings supplementary to examination upon the two judgments in favor of Burdick, should also be affirmed. It is not suggested or proved that the receiver was appointed by collusion with the judgment-debtor, or for the purpose of protecting his property from other creditors. The explanation of the receiver's conduct in the particulars in which it is complained of by the plaintiff Ross, is full and satisfactory. The defendant has had no possession or control of the property which he assigned to the receiver, or of the place where the receiver has seen fit to keep it under his own control and that of the agents

whom he has employed.  The employment of the defendant by the receiver to make collections for him of a portion of the assigned demands in the country, seems to have been a judicious exercise of his powers, and no part of the assigned fund has been used for the benefit of the assignor.  The personal responsibility of the receiver is unquestioned, and his security ample. The plaintiff Ross and other creditors can at any time require the receiver to account, and the court will control the action of its officer.

The order of special term should be affirmed with costs.