## SUPREME COURT.

Robert S. Ross agt. Charles Bridge.
Winslow M. Burdick agt. The Same.
Winslow M. Burdick agt. The Same.

The right of a defendant to *offer judgment* under section 385 of the Code, in an action regularly commenced against him, is not limited to cases in which he would only confess *a part* of the plaintiff's claim. The offer may be for the *full sum* demanded in the plaintiff's summons and complaint.

The employment of the defendant, by the receiver, in supplementary proceedings, to make collections for him, where it appears no part of the assigned fund has been used for the benefit of the defendant, is not a sufficient ground for a removal of the receiver.

*New York General Term, September,* 1862.
Ingraham, Leonard and Rosekrans, *Justices.*
The facts will sufficiently appear in the following opinion.

By the court, Rosekrans, Justice. The plaintiff in the first above entitled action, whose judgment was obtained after the judgments in the other two cases above entitled, moves to set aside one of the judgments in favor of Burdick, on the ground that it was entered upon an offer served by the defendant, pursuant to section 385 of the Code, after the service of a summons and complaint upon him, the offer being for the full sum demanded in the plaintiff's summons and complaint. The special term has tried this motion. It was claimed on the part of the plaintiff Ross, that section 385 of the Code only applied to cases in which the defendant is willing to admit a part of the plaintiff's demand, and that when the defendant wishes to confess a judgment for the whole amount claimed by his creditors, he must comply with the requirements of sections 382 and 383 of the Code, and in case he does not the judgment may be set aside on the applications of subsequent judgment creditors. It has repeatedly been held that the proceedings under these various sections of the Code are entirely dis-

Ross and Burdick agt. Bridge.

tinct and independent of each other ; that the confession
of judgment without action under sections 382 and 383 is
analogous to confession by bond and warrant of attorney
under the former system of practice, and that the proceed-
ing under section 385 is analogous to the former mode of
judgment upon cognovit. (9 *How. Pr. R.*, 130, 556; 10 *id.*,
293.)    There is nothing in the language of section 385
which shows that it was the intention of the legislature to
limit the right of a defendant to offer judgment in an action
regularly commenced against him, to cases in which he
would only confess a part of the plaintiff's claim.    The
titles of chapters three and four of the Code, in which these
sections are found, show clearly that provision was intended
to be made of a substitute for the former modes of confes-
sion of judgment without action, and when actions were
commenced.    Under the former system of practice, a party
who had commenced an action was not compelled to receive
a cognovit, but could proceed and take judgment by de-
fault.    The Code has made it compulsory upon the plain-
tiff to accept the offer of the defendant, under the penalty
of paying costs if he proceeds in the action and fails to
obtain judgment for a more favorable sum than that for
which judgment is offered.

There can be no doubt that the court have the power to
set aside a judgment entered upon an offer of judgment,
and would exercise it in a case in which it should be made
to appear that such a proceeding was taken collusively
between the plaintiff and defendant for the purpose of
evading the provisions of sections 382 and 383.    But in
this case there is no suggestion of collusion or attempted
evasion of those provisions, and the evidence before the
court shows that such a suggestion would be unfounded.
The order of the special term, denying so much of the mo-
tion as sought to set aside the judgment entered upon the
defendant's offer, should be affirmed.

We think, also, that the order of the special term deny-

ing the motion of the plaintiff Ross to remove the receiver appointed upon proceedings supplementary to execution upon the two judgments in favor of Burdick, should also be affirmed. It is not suggested or proved that the receiver was appointed by collusion with the judgment debtor or for the purpose of protecting his property from other creditors. The explanation of the receiver's conduct in the particulars in which it is complained of by the plaintiff Ross, is full and satisfactory. The defendant has had no possession or control of the property which he assigned to the receiver, or of the place where the receiver has seen fit to keep it under his own control and that of the agents whom he has employed. The employment of the defendant by the receiver, to make collections for him of a portion of the assigned demands in the country, seems to have been a judicious exercise of his powers, and no part of the assigned fund has been used for the benefit of the assignor. The personal responsibility of the receiver is unquestioned, and his security ample. The plaintiff Ross and other creditors can at any time require the receiver to account, and the court will control the action of its officer.

The order of special term should be affirmed, with costs. LEONARD, J. I concur.