In the Matter of the Assignment of THOMAS F. KAUGH-RAN *et al.*, to MILES M. O'BRIEN for the Benefit of Creditors.

(Decided June 7th, 1886).

Upon a petition for the removal of an assignee under a general assignment for benefit of creditors, it appeared that the petitioners were creditors of the assignors who desired to attack the validity of judgments recovered against the assignors the day before the assignment, upon offers of judgment made by them in actions commenced on that day, on which judgments executions had been issued and levied on the same day; and that the assignee's relations with some of the judgment creditors were intimate, his business being the selling of their goods on commission at their place of business, although he was not their employé. *Held*, that he should be removed and a substituted assignee appointed, although no charge was made of improper conduct on his part.

APPEAL from an order of this court removing an assignee under a general assignment for benefit of creditors.

The facts are stated in the following opinion rendered on the application for the removal of the assignee at the Special Term, January, 1886.

J. F. DALY, J.—This application is not based upon any charge of improper conduct on the part of the assignee, subsequent to his acceptance of the trust, but upon the ground that his business relations with certain judgment creditors of the assignors, whose judgments are questioned by some of the general creditors, are incompatible with the performance of his duties as assignee.

The creditors who petition for the removal of the assignee, state that they desire to attack the validity of the judgment recovered by H. B. Claflin & Co., for $32,410.21, obtained on January 6th, 1886, the day before the assignment, and the judgment of J. E. Kaughran for $16,750 recovered on the same day. Both these judgments were in actions commenced on said 6th day of January, in which offers of judgment were immediately given by the assignors, judgments entered, executions issued and levied, and the stock of the assignors seized by the sheriff, the day before the assignment.

The object of the actions and the offer of judgment was manifestly to give the judgment creditors preference over all other creditors without subjecting them to the delays incident to the administration of the assignment.

It is alleged that the procedure adopted was intended to evade the requirements of law respecting confessions of judgment, and that the judgments are therefore voidable, under the dicta in *Bridenbecker* v. *Mason* (16 How. Pr. 203; on appeal, 24 How. Pr. 163), and *Ross* v. *Bridge* (15 Abb. Pr. 150); see also *Beards* v. *Wheeler* (11 Hun 539); *Moses* v. *McDivitt* (88 N. Y. 62).

It is also alleged that as the assignee is the proper party to attack these judgments, he should be wholly impartial and disinterested as between the creditors at large and the judgment creditors, so that the former may have the benefit

of his unbiased judgment on the propriety of instituting proceedings to that end.

It is shown that the assignee's business relations with the firm of H. B. Claflin & Co. are so intimate, that he is certainly placed in an embarrassing position by this dispute between them and the other creditors.

His business is the selling of the goods of that house on commission, and his place of business is their establishment, although he is not an employé·of the firm.

There can be no occasion for imputing any impropriety to the assignee, but I think he should be relieved from the embarrassment of his position, and a substituted assignee appointed in accordance with the prayer of the petition.

Application granted; no costs.

From the order entered upon this decision the assignee appealed.

*Morgan J. O'Brien*, for the assignee, appellant.

*Blumenstiel & Hirsch*, for the petitioners, respondents.

ALLEN, J.—We do not consider it necessary to add anything to the opinion of the judge at Special Term. We think the order appealed from should be affirmed on the opinion of the court below, but without costs.

BEACH, J., concurred.

Order affirmed.