(39 Misc. Rep. 385.)

SMITH v. PROSKEY.

(Supreme Court, Special Term, New York County. December, 1902.)

1. PARTNERSHIP—DISSOLUTION—CONTROL OF ASSETS.

An agreement provided for the dissolution of a partnership by consent, appointed one of the partners liquidator, and further provided that all stock, book accounts, and other assets of the firm should vest in such liquidating partner. *Held* to give him absolute title in the assets, so that on his death they would descend to his administratrix.

Action by Corneliuett Smith, administratrix of Harlan P. Smith, against David Proskey. Demurrer to answer sustained.

Parsons, Shepard & Ogden, for plaintiff.

James C. McEachen, for defendant.

SCOTT, J. This action comes before the court in the form of a demurrer to the answer, but it is stated in the briefs that it is not intended to raise any question of pleading, but that by agreement all the facts have been fully set up in the answer, to the end that a determination as to the rights of the parties may be speedily reached. The facts are simple: Harlan P. Smith, plaintiff's intestate, and David Proskey, the defendant, were partners for a number of years. On November 26, 1901, the partnership was dissolved by mutual consent and by a dissolution agreement in writing. Harlan P. Smith was thereby made liquidator, and the agreement recited that "all stock in trade, book accounts, and other assets of the firm are hereby vested in him for that purpose." He was to turn the assets into cash, and pay the existing obligations of the firm, including any amount found due to himself. The profits of the business were then to be ascertained and equally divided between the parties. The lease of the premises occupied by the firm was assigned to the defendant, who was authorized to carry on the business there. Soon after the dissolution Harlan P. Smith died, and the plaintiff was appointed temporary administratrix. The unsold assets were of considerable value at Smith's death, and this action, which is for replevin, is brought to test the respective claims of plaintiff and defendant to the ownership and right of possession of these assets.

The plaintiff very frankly concedes the general rule that a dissolution of a partnership, when it is accompanied by an agreement merely that one of the partners shall be liquidating partner, does not ipso

facto destroy the joint tenancy of the partners in the partnership
property. From this rule follows another, which the plaintiff also
concedes, namely, that inasmuch as, under the circumstances stated,
the joint tenancy of the partners in the partnership assets still sub-
sists, with the necessary incident of the right of survivorship, it fol-
lows that, if the partner designated as the liquidating partner shall die
before the liquidation is complete, the surviving partner or partners,
by virtue of the still surviving joint tenancy, and his or their con-
sequent right of survivorship, will become entitled to the possession
of the partnership property, and charged with the duty of applying it
to the liquidation of the partnership affairs. The very fact that the
joint tenancy survives the dissolution excludes the personal repre-
sentatives of the deceased partner, although during his lifetime the
liquidating partner, from any right, as against the surviving partner,
to interfere with or administer the assets of the firm. If, then, this
action presented nothing but the usual case of a voluntary dissolu-
tion, and the designation of the now deceased partner as liquidator,
there would be no question but that the defendant must prevail. The
plaintiff, however, claims that the effect of the dissolution agreement
in this case was to absolutely vest the title to the partnership prop-
erty in her decedent, so that at his death he was the owner thereof,
subject only to account to defendant for the profits derived from the
business after all the debts had been paid. This claim is founded
upon the language of the following sentence in the dissolution agree-
ment:

"The undersigned, Harlan P. Smith, is hereby made the liquidating partner
of the firm, and all the stock in trade, book accounts, and other assets of the
firm are hereby vested in him for that purpose."

Of course, upon the dissolution of a partnership it is competent
for the partners to agree that the partnership property shall belong
to one partner. In such a case, if the partner to whom the assets
are given shall agree to pay the partnership debts, the partner mak-
ing the transfer, though he still remains liable for those debts, loses
all claim, as joint tenant or otherwise, to the assets themselves, and
can look only to the personal security of his copartner for indemnity.
Story, Partn. §§ 358, 359; Ketchum v. Durkee, 1 Barb. Ch. 480, 45
Am. Dec. 412; Sage v. Chollar, 21 Barb. 596. If, then, the effect of
the dissolution agreement was to transfer to plaintiff's intestate the
title to the partnership property, the defendant has no right to their
possession, and judgment must go against him. In construing the
dissolution agreement, and thus seeking to ascertain the intent of
the parties, we are to be guided by the cardinal rules of construction,
which require that every clause, and even every word, shall be given
effect, if possible, no part being rejected unless absolutely repugnant
to the general intent of the instrument, and that the words used shall
be given their plain, ordinary, and popular meaning, unless the con-
text shows that the parties used them in some other and peculiar
sense. A general view of the whole instrument affords little assist-
ance in construing the words upon which the plaintiff relies, for its
general intent can be carried out equally well, whether it be held
that title to the assets passed to plaintiff's decedent or not. The

rules of interpretation referred to forbid that we should ignore or treat as surplusage the phrase in question. It undoubtedly was used advisedly, and was intended to effect some purpose. It is not a usual phrase in instruments of this character, and that fact alone seems to indicate that there was a purpose in incorporating it. The word "vest" has a well-established and well-recognized meaning. In the Standard Dictionary the verb "to vest" is defined as meaning "to confer ownership of a property upon a person; invest a person with the full title to property," and in the Century Dictionary as meaning "to pass or devolve as a matter of right or title, irrespective of any immediate right of possession." The ordinary and popular, and indeed the legal, meaning of a provision that personal property shall be "vested in" a certain person, is that the title to the property passes to and rests in him. The addition of the words "for that purpose," referring to the liquidation of the business, to the provision that the assets shall be vested in plaintiff's intestate, do not destroy or limit the meaning and effect of that provision. The assets either vested in him, or they did not. If they did, they became his property absolutely, and not qualifiedly. The addition of the words "for that purpose" rather served to indicate the intention with which the title to the assets was given to him, to wit, that he should use them in the liquidation of the partnership affairs. My conclusion is that, by the dissolution agreement, plaintiff's intestate became invested with the title to and right of possession of the partnership assets; that those assets were his property and a part of his estate at the time of his death, and passed to plaintiff, as his personal representative. I cannot accede to the contention urged on behalf of the defendant, that the only title which was intended to be vested in plaintiff's intestate was such title as he would have as liquidating partner, and as would be necessary for him to exercise his obligation as liquidator. This construction of the agreement amounts to saying that the provision meant nothing, and should be ignored, for, as liquidating partner, without the aid of any such phrase, Smith would have had all the title necessary to enable him to fulfill his obligation as liquidator. There must be judgment for the plaintiff upon the demurrer, with costs, and an extra allowance of $250.

Judgment for plaintiff upon demurrer, with costs, and an extra allowance of $250.