CORNELIUETT SMITH, as Temporary Administratrix of the Estate of HARLAN P. SMITH, Deceased, Plaintiff, v. DAVID PROSKEY, Defendant.

(Supreme Court, New York Special Term, December, 1902.)

Partnership — Effect, on the right to liquidate, of a dissolution agreement " vesting " all the assets in the liquidating partner — Replevin.

Where a written agreement, dissolving a partnership by consent and appointing one partner liquidator, further provides that all stock, book accounts, and other assets of the firm " are hereby vested in him for that purpose ", he takes absolute title to them; and therefore where, before completing the liquidation, he dies intestate his administratrix takes them and the surviving partner has no right to, and cannot replevy, them.

DEMURRER to answer.

Parsons, Shepard & Ogden, for plaintiff.

James C. McEachen, for defendant.

SCOTT, J. This action comes before the court in the form of a demurrer to the answer, but it is stated in the briefs that it is not intended to raise any question of pleading, but that by agreement all the facts have been fully set up in the answer, to the

end that a determination as to the rights of the parties may be speedily reached. The facts are simple. Harlan P. Smith, plaintiff's intestate, and David Proskey, the defendant, were partners for a number of years. On November 26, 1901, the partnership was dissolved by mutual consent and by a dissolution agreement in writing. Harlan P. Smith was thereby made liquidator, and the agreement recited that " all stock in trade, book accounts and other assets of the firm are hereby vested in him for that purpose." He was to turn the assets into cash, pay the existing obligations of the firm, including any amount found due to himself. The profits of the business were then to be ascertained and equally divided between the parties. The lease of the premises occupied by the firm was assigned to the defendant, who was authorized to carry on the business there. Soon after the dissolution Harlan P. Smith died, and the plaintiff was appointed temporary administratrix. The unsold assets were of considerable value at Smith's death, and this action, which is for replevin, is brought to test the respective claims of plaintiff and defendant to the ownership and right of possession of these assets. The plaintiff very frankly concedes the general rule that a dissolution of a partnership, when it is accompanied by an agreement merely that one of the partners shall be liquidating partner, does not *ipso facto* destroy the joint tenancy of the partners in the partnership property. From this rule follows another, which the plaintiff also concedes, namely, that inasmuch as under the circumstances stated the joint tenancy of the partners in the partnership assets still subsists, with the necessary incident of the right of survivorship, it follows that if the partner designated as the liquidating partner shall die before the liquidation is complete, the surviving partner or partners, by virtue of the still surviving joint tenancy and his or their consequent right of survivorship will become entitled to the possession of the partnership property, and charged with the duty of applying it to the liquidation of the partnership affairs. The very fact, that the joint tenancy survives the dissolution, excludes the personal representatives of the deceased partner, although during his lifetime the liquidating partner, from any right, as against the surviving partner to interfere with or administer the assets of the firm. If, then, this action presented nothing but the usual case of a voluntary dissolution and the designation

of the now deceased partner as liquidator, there would be no question but that the defendant must prevail. The plaintiff, however, claims that the effect of the dissolution agreement in this case was to absolutely vest the title to the partnership property in her decedent, so that at his death he was the owner thereof, subject only to account to defendant for the profits derived from the business after all the debts had been paid. This claim is founded upon the language of the following sentence in the dissolution agreement: "The undersigned Harlan P. Smith is hereby made the liquidating partner of the firm, and all the stock in trade, book accounts and other assets of the firm are hereby *vested in him for that purpose.*" Of course upon the dissolution of a partnership it is competent for the partners to agree that the partnership property shall belong to one partner. In such a case, if the partner to whom the assets are given shall agree to pay the partnership debts, the partner making the transfer, though he still remains liable for those debts, loses all claim as joint tenant or otherwise to the assets themselves, and can look only to the personal security of his copartner for indemnity. Story Part., §§ 358, 359; Ketchum v. Durkee, 1 Barb. Ch. 480; Sage v. Chollar, 21 Barb. 596. If, then, the effect of the dissolution agreement was to transfer to plaintiff's intestate the title to the partnership property, the defendant has no right to its possession and judgment must go against him. In construing the dissolution agreement and thus seeking to ascertain the intent of the parties, we are to be guided by the cardinal rules of construction which require that every clause, and even every word, shall be given effect, if possible, no part being rejected unless absolutely repugnant to the general intent of the instrument, and that the words used shall be given their plain, ordinary, and popular meaning, unless the context shows that the parties used them in some other and peculiar sense. A general view of the whole instrument affords little assistance in construing the words upon which the plaintiff relies, for its general intent can be carried out equally well whether it be held that title to the assets passed to plaintiff's decedent or not. The rules of interpretation referred to forbid that we should ignore or treat as surplusage the phrase in question. It undoubtedly was used advisedly and was intended to effect some purpose. It is not a usual phrase in in-

struments of this character, and that fact alone seems to indicate that there was a purpose in incorporating it. The word " vest " has a well-established and well-recognized meaning. In the Standard Dictionary the verb " to vest " is defined as meaning " to confer ownership of a property upon a person; invest a person with the full title to property," and in the Century Dictionary, as meaning " to pass or devolve as a matter of right or title, irrespective of any immediate right of possession." The ordinary and popular, and, indeed, the legal meaning of a provision that personal property shall be " vested in " a certain person, is that the title to the property passes to and rests in him. The addition of the words " for that purpose," referring to the liquidation of the business, to the provision that the assets shall be vested in plaintiff's intestate, do not destroy or limit the meaning and effect of that provision. The assets either vested in him or they did not. If they did, they became his property, absolutely and not qualifiedly. The addition of the words " for that purpose " rather served to indicate the intention with which the title to the assets was given to him, to wit, that he should use them in the liquidation of the partnership affairs. My conclusion is that, by the dissolution agreement, plaintiff's intestate became invested with the title to and right of possession of the partnership assets; that those assets were his property and a part of his estate at the time of his death, and passed to plaintiff as his personal representative. I cannot accede to the contention urged on behalf of the defendant, that the only title which was intended to be vested in plaintiff's intestate was such title as he would have as liquidating partner and as would be necessary for him to exercise his obligation as liquidator. This construction of the agreement amounts to saying that the provision meant nothing and should be ignored, for as liquidating partner, without the aid of any such phrase, Smith would have had all the title necessary to enable him to fulfill his obligation as liquidator.

There must be judgment for the plaintiff upon the demurrer, with costs and an extra allowance of $250.

Judgment for plaintiff upon demurrer, with costs and an extra allowance of $250.